UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WATER FOR LIVING, LLC<br><br>    Plaintiff(s),<br><br>    v.<br><br>GFORCE CORPORATION , et al.<br><br><br><br>    Defendant(s). | CASE NO:<br>8:19−cv−01575−JVS−JDE<br><br>ORDER SETTING RULE 26(f)<br>SCHEDULING CONFERENCE<br><br>Monday, October 21, 2019 at 10:30 AM |

    This case has been assigned to Judge James V. Selna. If plaintiff has not already served the complaint (or any amendment thereto) on all defendants, plaintiff shall promptly do so and shall file proofs of service within three days thereafter. Defendants also shall timely serve and file their responsive pleadings and file proofs of service within three days thereafter.

    This matter is set for a scheduling conference on the above date. The conference will be held pursuant to Fed.R.Civ.P., Rule 16(b). The parties are reminded of their obligations under Fed.R.Civ.P., Rule 26(a)(1) to disclose information (without awaiting a discovery request) and under Rule 26(f) to confer

///

on a discovery plan not later than twenty–one (21) days prior to the scheduling conference and to file a Joint Rule 26(f) Report not later than fourteen (14) days after they confer. Failure to comply with the following requirements or to cooperate in the preparation of the Joint Rule 26(f) Report may lead to the timposition of sanctions.

**Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively <u>before</u> the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery.**

    **1.**    <u>**Joint Rule 26(f) Report**</u>**.**

The Joint Rule 26(f) Report, which shall be filed not later than one week before the scheduling conference, shall be drafted by plaintiff (unless the parties agree otherwise), but shall be submitted and signed jointly. <u>"Jointly" contemplates a single report, regardless of how many separately–represented parties there are</u>. The Joint Rule 26(f) Report shall report on all matters enumerated below, which include those required to be discussed by Rule 26(f) and Local Rule 26:

    a.    <u>Synopsis</u>: a short synopsis (not to exceed two pages) of the main claims, counterclaims, and/or affirmative defenses.

    b.    <u>Legal issues</u>: a brief description of the key legal issues.

    c.    <u>Damages</u>: the realistic range of provable damages.

///

    d.   <u>Insurance</u>: whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

    e.   <u>Motions</u>: a statement of the likelihood of motions seeking to (i) add other parties or claims or (ii) file amended pleadings or (iii) transfer venue.

    f.   <u>Discovery and experts</u>: pursuant to Rule 26(f), state what, if any, changes in the disclosures under R. 26(a) should be made; the subjects on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited; what discovery has been conducted thus far; whether applicable limitations should be changed or other limitations imposed; and whether the Court should enter other orders. Please state how many depositions each side will conduct. Also discuss the proposed time of expert witness disclosures under F.R.Civ.P. 26(a)(2).

    g.   <u>Dispositive motions</u>: a description of the issues or claims that any party believes may be determined by motion for summary judgment or motion *in limine*.

    h.   <u>Settlement and settlement mechanism</u>: a statement of what settlement discussions and/or written communications have occurred <u>(specifically excluding any statement of the terms discussed)</u> and a statement pursuant to the Local Rule 16–14.4 selecting a settlement mechanism under that rule.

    i.   <u>Trial estimate</u>: realistic estimate of the time required for trial and whether trial will be by jury or by court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Rule 26(f) Joint Report exceeds eight court days, counsel shall be prepared to discuss in detail the estimate.

j. Timetable: complete of the Presumptive Schedule of Pretrial Dates form attached as Exhibit A to this Order and attach it to the Rule 26(f) report. Submission of a completed Exhibit A is mandatory. The current entries in the "Weeks Before Trial" column merely reflect what the Court believes are appropriate for many, if not most, cases; those entries are not necessarily applicable to this case, and the form is designed to enable counsel to request the Court to set different last dates by which the key requirements must be completed. Each side should write in the month, day and year it requests for each event. *E.g.*, for the expert discovery cut−off it might be "10/7/02" for plaintiff and "10/28/02" for defendant, if they cannot agree. At the conference, the Court will review this form with counsel. Each entry proposing dates shall fall on a Monday, except the trial date which is a Tuesday. In appropriate cases the Court will order different dates after it hears from Counsel. The proposed non−expert and expert discovery cut−off date means: the last day by which all depositions must be completed and responses to all previously−served written discovery must be provided. The proposed cut−off date for motions means: the last date on which motions may be heard, not noticed.

k. Other issues: a statement of any other issues affecting the status or management of the case (*e.g.*, unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non−English speaking witnesses, discovery in foreign jurisdictions, etc.).

l. Conflicts: for conflict purposes, corporate parties must identify all subsidiaries, parents and affiliates.

///

///

−4−

    m.    <u>Patent cases</u>: propose dates and methodology for claim construction and *Markman* hearings. The Court requires the parties to file concurrent opening briefs and concurrent reply briefs for the hearing. The Court intends to follow the rule for patent cases which have been adopted by the Northern District of California.

    n.    <u>Magistrates</u>: Do the parties wish to have a Magistrate Judge preside? Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over all the proceedings, not just discovery. They may pick *any* Magistrate Judge (not just the one assigned to this case) from among those Magistrate Judges who accept these designations. (They are identified on the Central District's website, which also contains the consent form.)

The Joint Rule 26(f) Report should set forth the above enumerated information under section headings corresponding to this Order.

**2.** **<u>Scheduling Conference</u>.**

    Scheduling Conferences will be held in the Ronald Reagan Building, 411 West Fourth Street, Court Room 10C, Santa Ana. Counsel shall comply with the following:

    a.    <u>Participation</u>: The lead trial attorney <u>must</u> attend the Scheduling Conference, unless excused for good cause shown in advance of the Scheduling Conference.

    b.    <u>Continuance</u>: A continuance of the Scheduling Conference will be granted only for good cause.

///

3. **Protective Orders.**

If you seek a protective order, propose it to opposing counsel before the Scheduling Conference, if at all possible. Protective Orders are considered by the Magistrate Judge assigned in this action.

4. **Notice to be Provided by Counsel.**

Plaintiff's counsel or, if plaintiff is appearing *pro se*, defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

5. **Disclosures to Clients.**

Counsel are ordered to deliver to their respective clients a copy of this Order and of the Court's Scheduling and Case Management Order, which contains the schedule that the Court sets at the Scheduling Conference.

6. **Court's Website.**

Copies of this and all other orders of this Court that may become applicable to this case are available on the Central District of California website, at "www.cacd.uscourts.gov," under "Judge's Procedures and Schedules." Copies of the Local Rules are available on the website.[1]

---

[1] Local rules may be purchased from the following:

| Los Angeles Daily Journal | West Publishing Co. | Metropolitan News |
| 915 East First Street | 50 West Kellogg Boulevard | 210 South Spring Street |
| Los Angeles, CA 90012 | St. Paul MN 55164–9979 | Los Angeles, CA 90012 |

The Court thanks the parties and their counsel for their anticipated cooperation in carrying out these requirements.

**IT IS SO ORDERED.**

DATED: August 26, 2019

_____
James V. Selna
United States District Judge

Copies to: All Counsel of Record

# EXHIBIT A

**JUDGE JAMES V. SELNA**
**PRESUMPTIVE SCHEDULE OF PRETRIAL DATES**

| Matter | Time | Weeks before trial | Plaintiff's Request (Insert specific date) | Defendant's Request (Insert specific date) | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) (court) Estimated length: _____ days | 8:30 a.m. (Tuesdays) | | | | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | −1 | | | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed–to Statement of Case | 11:00 a.m. (Mondays) | −2 | | | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | −3 | | | |
| Last day for hand–serving Motions in Limine | | −6 | | | |
| Last day for hearing motions | 1:30 p.m. (Mondays) | −7 | | | |
| Last day for hand–serving motions and filing (other than Motions in Limine). | | −11 | | | |
| Non–expert Discovery cut–off | | −15 | | | |

ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16–14 Settlement Choice: (1) CT/USMJ (2) Court Mediation Panel (3) Private ADR

| | | | | | |
|---|---|---|---|---|---|
| Expert discovery cut–off | | | | | |
| Rebuttal Expert Witness Disclosure | | | | | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | | | | |
| Last day to conduct Settlement Conference | | | ▓ | ▓ | |
| Last day to amend pleadings or add parties | | | ▓ | ▓ | |

Revised 4–14–16