S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@AlvaradoSmith.com
JACOB M. CLARK (CA Bar No. 266630)
jclark@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Anderson J. Duff (*pro hac vice*)
Anderson@revisionlegal.com
Revision Legal, PLLC
244 Fifth Avenue Suite 2230
New York, New York 10001
(Tel) (212) 996.4103
(Fax)(212) 996.5863

Attorneys for Plaintiff
WATER FOR LIVING, LLC

Phillip Geurts, Esq.
phil@mgcalaw.com
GEURTS LAW FIRM
18100 Von Karman Ave., Suite 850
Irvine, CA 92612
(Tel) 714.307.9192
(Fax) 949.861.6155
Attorney for Defendants
Century Tree Service, Inc. and Tom Smith

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WATER FOR LIVING, LLC, a Delaware Limited Liability Company,

Plaintiff,

v.

GFORCE CORPORATION d/b/a DFX SPORTS & FITNESS LLC, a Nevada corporation; CENTURY TREE SERVICE, INC., a California corporation; and TOM SMITH, an individual in California,

Defendants.

CASE NO.: 8:19-cv-01575-JVS-JDE

**JUDGE:** Honorable James V. Selna

**JOINT RULE 26(f) REPORT OF PLAINTIFF AND DEFENDANTS CENTURY TREE SERVICE, INC. AND FLOYD T. SMITH**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1. and the Court's August 26, 2019 Order scheduling the Scheduling Conference required by Federal Rule of Civil Procedure 16(b), Plaintiff Water for Living, LLC ("Water" or "Plaintiff") and Defendants Century Tree Service, Inc. ("Century") and Floyd T. Smith ("Smith") jointly submit this Joint Rule 26(f) Report. With the exception of Defendant Gforce Corporation, which has not responded to the Complaint, the Parties timely met and conferred on a discovery plan, which is reflected herein. Hereinafter, Century and Smith are collectively referred to as "Defendants." It is the understanding of Defendants that Gforce Corporation is out of business and dissolving.

**A. Synopsis.**

Plaintiff's Statement:

Water is an industry leader in the field of cannabidiol ("CBD") extracts and related goods. Because of the high quality of the products manufactured and sold by Water, Water has expanded rapidly during the past several years. Water frequently contracts with third-party distributors to keep up with consumer demand for its CBD products. Water also owns and operates an interactive e-commerce website at *cbdliving.com* that features many original photographs of Plaintiff's products and otherwise. Water owns federal copyright registrations, at least one federal trademark registration, several pending trademark applications, and common law rights to hundreds of works that appear on Water's website at *cbdliving.com*.

On or about November 1, 2018, Plaintiff's representatives met with Smith and had a preliminary discussion about whether it would make sense for the Parties to work together. At this meeting, Smith represented to Water that Smith owned or exercise control over the websites appearing at *mydfxpro.com* and *purebodylogix.com*. Smith told Water that he had a customer base of twenty-thousand (20,000) people. At this meeting, Smith suggested using the websites appearing at the two domains recited in this paragraph above to sell Water's products subject to execution of an agreement between the Parties. In a good faith exploration of the possibility of working with

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Smith, Water sent Smith an opening invoice of suggested product for Smith to purchase and distribute that totaled thirty-eight thousand dollars ($38,000) on November 29, 2018. On December 7, 2018, Water sent a proposed distribution agreement and a copy of the thirty-eight thousand dollar ($38,000) invoice referenced above to Smith's daughter who was also considering working with Water as a distributor. Water understood that Smith's business was wholly separate from his daughter's business. On December 14, 2018, Smith's son, who Water also understands is an independent party and not an agent, employee, or partner of Smith, sent Water a significantly revised copy of Water's proposed distribution agreement. Water made revisions to Defendants' edits and sent their proposed revisions to Smith for review and approval. Because the Parties were not able to agree on terms, the Parties never entered into a distribution agreement and Water did not work with Smith. Smith did not place a single order with Water and the Parties gave up on working together.

Shortly thereafter, Water discovered that Defendants had registered the domain *naturalcbdliving.com* on May 1, 2018, a fact that was not disclosed to Water during their preliminary, good faith discussions with Defendants. The website appearing at *naturalcbdliving.com* (the "Infringing Site") was an identical or nearly identical copy of Water's fully functional e-commerce website. The Infringing Site also made use of NATURAL CBDLIVING (Stylized) as a trademark in close proximity with Water's long-established trademarks, including but not limited to CBDLIVING. Because Water knew that Defendants had not purchased any of Waters goods for distribution, Water placed at least one test buy and discovered that Defendants' Infringing Site also took money from consumers but never shipped any product. On March 29, 2019, Water sent a letter to DFX Sports and Fitness via counsel notifying them of Water's rights and that *naturalcbdliving.com* as well as their use of NATURAL CBDLIVING (Stylized) creates a significant risk of consumer confusion. Water's March 29, 2019 letter asked that Defendants cease all use of Water's intellectual property and stop all

use of NATURAL CBDLIVING (Stylized). On April 12, 2019, Water received a response from opposing counsel stating that opposing counsel "represent[s] DFX Sports & Fitness and PBLX Pure Body Logix." Opposing counsel incorrectly stated that his "clients are not selling or distributing [Water's] products, nor any products labelled with [Water's] intellectual property." In the sentence that immediately followed, opposing counsel nevertheless wrote that the infringing material "will be removed within 10 days of the date of this letter." Defendants acted as though they did not own the Infringing Site or know the owner. Opposing counsel's April 12, 2019 letter stated that public records revealed that an individual named "Tom Smith" was the owner of the Infringing Site. Despite Defendants' promise to take down the Infringing Site, the Infringing Site remained accessible as a fully functional clone of Water's e-commerce site well after ten (10) days from opposing counsel's April 12, 2019 letter. On April 16, 2019, after additional test purchases were made from the Infringing Site, Water, through counsel, sent a letter to "Tom Smith," 1114 N. Grove Street, Anaheim, California 92806 notifying Defendant Smith of Water's rights and demanding that Smith immediately cease all use of the infringing marks and other material that is protected by copyright law. On May 10, 2019, Water, through its counsel, sent a follow up letter to opposing counsel notifying Defendants that the Infringing Site, which they had promised to take down, was not only still accessible, it was taking money from people knowing full well that Defendants would never ship any product to such consumers. Water's counsel made at least one test purchase from the Infringing Site on May 7, 2019. Defendant's took money from Water's counsel, issued a receipt, but never shipped any products or issued a refund.

Water received no further response or communications from Defendants concerning this matter. With no other choice, Water commenced this lawsuit to force Defendants to remove a counterfeit version of Water's website that was confusing consumers and stealing their money. In this action, Water asserts claims for copyright infringement, false advertising, unfair business practices under California law, federal

unfair competition, trademark infringement, federal common law trademark infringement, California trademark dilution, and conspiracy.

Defendants' Statement:

Water signed an agreement for initial market research and test promotion of Water's products, and products were test marketed under the terms of that agreement with consent of Water. However, the parties did not move forward because market interest and product sales were insubstantial.

Defendants deny all of Water's claims of wrongdoing. It asserts that Water does not have registered federal trademark rights to "CBD", and cannot have such registered trademarks on grounds, without limit, that 1) it is not subject to registration because it is intended for use in federal commerce in connection with illicit goods prohibited by federal law (see Controlled Substances Act (CSA), 21 U.S.C. §§801-971); and 2) "CBD" is considered generic. Defendants assert its alleged use, if any at all, in a website address using descriptive and generic terms that are not subject to registration for use in federal commerce in connection with illegal substances cannot constitute the alleged infringement. The alleged rights do not exist.

Defendants deny all of Water's claims of consumer confusion with Defendants' use, if at all, of any logos, marks, or website addresses that are not similar, and in fact are dissimilar, to Water's alleged intellectual property rights, if any.

Defendants aver that they instructed compliance, and furthermore have followed-up and enforced compliance, with Plaintiff's request to remove website materials, which materials were posted as test marketing under the promotional agreement with Water.

Defendants further assert they have made no money from sales of products of Water, that the claimed payment links are inactive, and to the current date, they have received no complaints or requests regarding nonreceipt of products or refunds until served with Water's Complaint.

Defendants have not violated, and are not now violating any rights of Water.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Defendants deny any and all liability.

**B. Legal Issues.**

Plaintiff's Statement:

Defendants have used counterfeit trademarks to sell or offer for sale counterfeit goods on the open market. Defendants continued to do so after Water notified them of its rights and demanded that Defendants cease their infringing activity. Defendants did not remove any portion of the Infringing Site until they had forced Water to file this lawsuit to enforce its rights. Since there is no good faith argument that the Infringing Site and Defendants' other uses of Water's intellectual property were all infringing and, with respect to Water's federally registered trademark, counterfeiting, the primary issue is how damages and restitution should be calculated to give Defendants an incentive to respect the rights of others in the future. Water also seeks injunction against Defendants to enjoin future wrongful conduct.

Defendants' Statement:

Defendants have not used any trademarks alleged by Water. Defendants deny allegations that they have sold, offered to sell, or are selling Water's products without consent. In a market test of promotion of Water's goods made with written signed consent of Water's representative, the market interest and return on goods was insufficient to warrant promoting the line of products.

Water does not have, and cannot have a federally registered trademark for the types of products they claim to use in federal commerce. Defendants instructed removal of the promotional post made with Water's authorization. The specific identification of the location of the alleged infringement was not provided until the filing of Water's Complaint, at which time Defendants followed up and removed the promotional posts that had remained without their knowledge.

**C. Damages.**

Plaintiff's Statement:

Because Defendants did nothing but obfuscate their operations when Water

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

attempted to resolve this dispute through good faith discussions, Water will be unable to calculate its damages until it obtains a production of relevant materials from Defendants during discovery. Defendants' willful creation and maintenance of the counterfeit Infringing Site irreparably harmed Water's reputation. Any consumers who purchased products from Defendants' Infringing Site would believe that Water had ripped them off.

Defendants' Statement:

Defendants aver that resolution attempts have not been in good faith because Water has shown no factual evidence of any protectable marks, consumer confusion or sales related to alleged infringement of non-registrable marks, or lost income or other harm to its own sales. Defendants aver Water has sustained no damages.

**D. Insurance.** Water has no applicable insurance coverage. Defendants' insurer has rejected coverage at present.

**E. Motions.** At this time, Water does not plan to move for the addition of any third parties or claims or for the right to file amended pleadings or transfer venue.

Defendants intend to file for summary judgment.

**F. Discovery and Experts.**

Plaintiff's Statement:

1. **Initial Disclosures**: Plaintiff does not propose any changes with regard to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a). All Parties agreed that the parties make their written initial disclosures on or before October 18, 2019.

2. **Scope And Completion Of Discovery**:

Plaintiff does not believe any immediate changes should be made to the rules governing discovery. Furthermore, Plaintiff believes that there is no need to request the Court to enter any orders under Rule 26 (c) or under Rule 16(b)-(c). The following is Plaintiff's proposed schedule:

a) Interrogatories: All Parties will prepare and serve interrogatories.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

b) Depositions: After initial documents are exchanged, witnesses identified and interrogatories are exchanged, Plaintiff will pursue depositions of certain defendants and third parties.

c) Other Discovery: All Parties anticipate other written discovery (e.g., document demands, interrogatories and requests for admission), depositions and third-party discovery (both subpoenas and depositions).

Defendants' Statement:

Defendants are in agreement with Water's Statement related to Discovery and makes no changes, nor anticipates making changes, in the schedule and discovery process.

**G. Dispositive Motions.**

Plaintiff's Statement:

Because there is not genuine issue of material fact going to Defendants' liability, Water anticipates filing a motion for summary judgment as to the liability of each Defendant as soon as Water is able to obtain some information from Defendants or, if they continue to refuse cooperating, appropriate third parties.

Defendants' Statement:

Defendants have cooperated with Water in its quest to resolve what Water keeps asserting are protected registered trademark rights, but faced now with this unwarranted lawsuit, Defendants intend to file a motion for summary judgment on grounds that Water has no protectable rights, no evidence of unauthorized use by Defendants, and no evidence of damages.

**H. Settlement and settlement mechanism.**

Plaintiff's Statement:

If the Parties avail themselves of an alternative dispute resolution procedure, Water would choose ADR Procedure No. 1 as listed under L.R. 16-15.4. Because Defendants have largely refused to communicate with Water concerning this matter and even refused to take down the Infringing Site until Water filed this lawsuit,

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Water's good faith attempts to settle this matter without litigation were cut off by Defendants. In a bid to avoid litigation, Water previously made a settlement demand . As of the date of this Joint Statement, Water has not received a counteroffer or response of any kind from Defendants.

Defendants' Statement:

Defendants have responded to the demand of Water. Defendants do not intend to make a monetary counteroffer because Water has no legal grounds for action against Defendants, and any offer to settle this unwarranted and groundless case should simply be a dismissal with prejudice.

**I. Trial Estimate.**

Water's Statement:

At this time, Water estimates that it will be able to complete a trial in five (5) days. While Water may wish to call witnesses that are currently unknown to Water, Water's best estimate based upon the information reasonably available to it as of the date of this Joint Statement is nine (9) witnesses.

Defendants' Statement:

At this time, Defendants estimate that trial can be completed within 3 days, that at most it will call 3 to 5 witnesses, based on its best estimate prior to discovery proceedings.

**J. Timetable.** The Parties have discussed their suggested timetables as shown in the completed form attached hereto as Exhibit A.

**K. Other Issues.** The Parties are unaware of any additional issues that should be raised before the Court at this time.

**L. Conflicts.** Water has no conflicts to disclose. Defendants have no conflicts to disclose.

**M. Patent cases.** N/A

**N. Magistrates.** The Parties consent to having a Magistrate Judge preside over the entire proceeding.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

DATED: October 14, 2019

ALVARADOSMITH
A Professional Corporation

By: /s/S. Chris Yoo
S. CHRISTOPHER YOO
JACOB M. CLARK
Attorneys for Plaintiff
WATER FOR LIVING, LLC

DATED: October 14, 2019

Phillip Geurts

By: /s/Phillip Guerts
Geurts Law Firm
Attorney for Defendants
Century Tree Service, Inc., and Tom Smith

**Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all issues and claims raised in its Complaint that are triable by jury.

DATED: October 14, 2019

ALVARADOSMITH
A Professional Corporation

By: /s/S. Chris Yoo
S. CHRISTOPHER YOO
JACOB M. CLARK
Attorneys for Plaintiff
WATER FOR LIVING, LLC

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA